UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

STACY LAVELL STATEN,

        Plaintiff,

v.

HEIDI WASHINGTON et al.,

        Defendants.
_____/

Case No. 2:18-cv-44

Honorable Gordon J. Quist

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

### Discussion

    **I.**    **Factual allegations**

At the time that Plaintiff filed this complaint, he was incarcerated with the Michigan Department of Corrections (MDOC) at the Ojibway Correctional Facility (OCF) in Marenisco, Gogebic County, Michigan. The events about which he complains, however, occurred at the

Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. Plaintiff sues MDOC Director Heidi Washington, Acting Warden Connie Horton, Former Warden Jeffrey Woods, and Corrections Officer E. Baker.

Plaintiff alleges that he fell while trying to pull himself onto his bunk, causing him to tear his left bicep. To get onto his bunk, Plaintiff had to climb on an unstable footstool, which caused him to fall. Plaintiff seeks damages for an alleged violation of his Eighth Amendment rights.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P.

8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that the practice of providing an unstable stool for prisoners to climb onto their bunks was unsafe in violation of the Eighth Amendment. The District Court for the Eastern District of Michigan addressed a similar issue in *McGowan v. Young*, No. 17-11599, 2018 WL 1324740 (E.D. Mich, Mar. 15, 2018). In *McGowan*, the plaintiff alleged that the defendant violated his Eighth Amendment rights when he refused to provide him with a means for climbing into the top bunk:

> A prison official's deprivation of an inmate's access to his bunk conceivably could amount to cruel and unusual punishment. The Supreme Court has held that prison conditions may be uncomfortable without violating the Eighth Amendment's prohibition against cruel and unusual punishment. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *see also Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) ("Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment."). But "[t]he Amendment also imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.' " *Ibid.* (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984)). If the challenged condition is not part of a criminal penalty, then it must not amount to an " 'unnecessary and wanton infliction of pain,' " lest it violate the Eighth Amendment's prohibition on

cruel and unusual punishment. *Ingraham v. Wright*, 430 U.S. 651, 670 (1977) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). What constitutes "unnecessary and wanton infliction of pain" will vary depending on the nature of the alleged constitutional violation. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992); *Brooks v. Celeste*, 39 F.3d 125, 128 (6th Cir. 1994).

Claims under the Cruel and Unusual Punishment Clause must satisfy both an objective and a subjective test. *See Farmer*, 511 U.S. at 834; *Wilson v. Seiter*, 501 U.S. 294, 297-300 (1991). The objective component requires a showing that the harm inflicted by the conduct is sufficiently serious to warrant Eighth Amendment protection. *See McMillian*, 503 U.S. at 8-9; *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). The conduct must deprive the plaintiff of "the minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 349. The objective component is contextually driven and is responsive to " 'contemporary standards of decency.' " *McMillian*, 503 U.S. at 8 (quoting *Estelle*, 429 U.S. at 103).

To satisfy the subjective component, the plaintiff must show that the official acted with a sufficiently culpable state of mind; that is, that the conduct was "wanton." *Wilson*, 501 U.S. at 302; *Moore v. Holbrook*, 2 F.3d 697, 700 (6th Cir. 1993). In determining whether an official acted wantonly, the court applies a "deliberate indifference" standard. *Wilson*, 501 U.S. at 302-03; *see Estelle*, 429 U.S. at 104–06. Under that standard, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. A prison official is not free to ignore obvious dangers to inmates, and may be liable even if he does not know the exact nature of the harm that may befall a particular inmate. *See id.* at 843-44. However, a prison official may escape liability if he shows that he in fact did not know of the obvious risk to the inmate's health or safety, or knowing of it, he acted reasonably under the circumstances. *See id.* at 844-45. "Deliberate indifference is characterized by obduracy or wantonness—it cannot be predicated on negligence, inadvertence, or good faith error." *Reilly v. Vadlamudi*, 680 F.3d 617, 624 (6th Cir. 2012) (citing *Whitley v. Albers*, 475 U.S. 312, 319 (1986)).

****

As noted in the magistrate judge's report, several courts have addressed the issue of bunk-bed access and found no deprivation of a minimal civilized measure of life's necessities. *See Connolly v. County of Suffolk*, 533 F. Supp. 2d 236, 241 (D. Mass. 2008) ("However unfortunate Connolly's accident, the failure of prison officials to equip his bunk bed with a ladder simply does not amount to a deprivation of 'a minimal civilized measure of life's necessities.' "); *Grushen v. Hedgpeth*, No. 12-1860, 2012 WL 2590390, at *1 (N.D. Cal. July 3, 2012) ("Requiring an able-bodied inmate to use a bunk bed does not deny him the minimal civilized measure of life's necessities."); *Robinett v. Correctional Training Facility*, No. 09-3845, 2010 WL 2867696, at *2 (N.D. Cal. July 20, 2010) ("[L]adderless bunk beds do not satisfy the objective prong for an Eighth

4

> Amendment violation."). The Court sees no reason to depart from those conclusions and similarly finds that the deprivation of a chair with which to access his top bunk, even on a temporary basis, did not pose a serious risk of harm to McGowan under the objective component.

*McGowan v. Young*, No. 17-11599, 2018 WL 1324740, at *3-*4.

In this case, Plaintiff fails to allege that Defendants were deliberately indifferent to a risk of harm caused by using the stool to access the bunk. The facts as alleged by Plaintiff show, at most, that Defendants were negligent in failing to provide a safer alternative to access the bunk. As noted above, mere negligence is insufficient to support an Eighth Amendment claim. Therefore, Plaintiff's complaint is properly dismissed.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Heidi Washington, Connie Horton, Jeffrey Woods, and E. Baker will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: September 7, 2018 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE